O’Gorman, J.
The plaintiff was a servant of the owners of the steamship “Valentía,” one of the “Ward Line ” of steamships.
The defendants were lessees of wharves in Brooklyn, on the East river, and of the stores erected on the wharves known as “Roberts stores.”
An agreement existed between the owners of the ships of this line and the defendants, that on the arrival in this port of any of their ships they might make fast to one of the defendant’s wharves for unloading and handling cargo, the defendants to indicate which of their wharves was to he so used in each instance by raising a signal flag on the wharf to be seen by the pilot.
The owners of the steamships were to have complete control of the wharf and store thereon, while so used by them.
On September 29, 1882, in accordance with this agreement, the steamship “Valentía,” on her- arrival, made fast to one of-the defendant’s wharves and proceed to discharge. The wharf was inclosed and accessible from the water through several large doors, weighing each five or six hundred pounds.
About half an hour after the ship had been made fast the plaintiff carried ashore a trunk of a passenger, over a skid which had been run out from the ship to the wharf. While *719 standing near one of the doors which had been opened, it fell upon him and he was seriously injured.
There was evidence that the doors had been, for some time previous to the accident, unsecurely hung and were hable to fall, and that the defendant’s had had notice of their dangerous condition. There was also evidence, that the employees of the steamship, in shoving the skid ashore, had struck the door and thereby caused it te fall. These questions of fact were fairly submitted to the jury.
The defendant’s contend that, in surrendering their wharf to the owners of the steamship for their sole use, they become relieved of all responsibility for injury received by the plaintiff. The proposition cannot, I think, be maintained, as applied to the facts of this case, as it may be assumed they were found by the jury.
The defendants, in inviting the owners of the steamship to enter on their wharf and to use it by their employees in unloading cargo, impliedly held out that due and proper care had been taken by them in the construction and maintenance of their wharf and store, to render them safe for the purpose to which they were to be applied. Coughtry v. Globe, etc., Co., 56 N. Y., 176, 178; Swords v. Edgar, 59 id., 30, 35; Barber v. Abendroth, Ct. of App., June 1, 1886; Daily Reg., June 28, 1886.
There was evidence that the hanging of the doors in their first construction was defective, and the defect existed when this ship arrived at their wharf, and if the defect was attributable to their want of ordinary care, the defendants are hable for the injury to the plaintiff.
The exceptions taken at the trial to the charge and rulings of the learned trial judge, seem to me without merit.
The judgment appealed from should be affirmed, with costs, and the order appealed from should also be affirmed.